O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

100 & 103

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:**    **(In Chambers) Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and to Strike**

    Before the Court are Defendants' joint Motion to Dismiss and to Strike. The Court heard oral argument on the matter on December 1, 2008. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss and DENIES Defendants' Motion to Strike.

I.     BACKGROUND

    A.     Factual Background

    Wineesa Cole ("Plaintiff") has brought a class action lawsuit against Asurion Corporation and Asurion Insurance Services, Inc. (collectively, "Asurion"), T-Mobile USA, Inc. ("T-Mobile"), and Liberty Mutual Insurance Co. ("Liberty"). At its core, this case concerns Asurion's Equipment Protection Program ("the Program"), which is offered to subscribers of T-Mobile's wireless service. Basically, subscribers have the option of paying a monthly premium, the likes of which ranges from $3.99 – $5.99, depending on the type of phone the individual subscriber seeks to protect. In the event that a subscriber's phone is lost, stolen, or damaged, Asurion will provide the subscriber with a new or refurbished replacement phone of "like kind and quality" after the subscriber contributes an established "deductible" amount toward the cost of the replacement phone.[1]

---

[1] According to the three defendants, currently the "deductible" ranges from $40 – $110, depending on the type of phone the subscriber owns.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

On April 19, 2004, Plaintiff became a subscriber of T-Mobile after she purchased a T-Mobile phone and phone service from a M8 Wireless store. While at that store, Plaintiff alleges that she was approached by a sales representative who went by the name of "Ricky." Ricky, according to Plaintiff, orally informed her of the basic terms of the Program, such as the monthly premium, the "deductible," and the policy limit. Plaintiff then opted to purchase the Program, which, based on the type of phone Plaintiff owned, meant that her monthly premium would be $3.99 while her "deductible" would be $35.00.

At the time Plaintiff first purchased the Program, it was underwritten through Hartford Fire Insurance Company. In 2005, however, Hartford, for reasons unexplained, declined to continue underwriting the Program. Subsequently, T-Mobile and Asurion engaged Liberty Mutual Insurance Corporation to underwrite the Program. As a consequence of these events, Plaintiff's premium increased from $3.99 to $5.99 per month, and the "deductible" increased from $35.00 to $110.00.

Apparently, Plaintiff did not dispute the change in the Program until after she had her phone stolen in October 2005. At that time, Plaintiff requested a replacement phone pursuant to the terms of the Program, which she understood would require her to pay a $35.00 "deductible." Plaintiff was, however, informed that the "deductible" had been increased to $110.00.

B.    Procedural Background

The preceding events catalyzed this lawsuit, which Plaintiff initially commenced against Asurion, T-Mobile, and Liberty on October 18, 2006. Then, on November 28, 2006, Plaintiff filed a First Amended Complaint ("FAC"), in which she asserted the following eleven claims against the defendants:

| PLAINTIFF'S FIRST AMENDED COMPLAINT | |
|---|---|
| CAUSE OF ACTION | UNDERLYING LEGAL THEORY |
| 1 | Violation of California Business and Professions Code section 17200 |
| 2 | Violation of California Business and Professions Code section 17500 |
| 3 | Violation of California Civil Code section 1750 |
| 4 | Violations of other states' consumer protection statutes |
| 5 | Common law fraud |
| 6 | Negligent misrepresentation |
| 7 | Civil conspiracy |
| 8 | Breach of fiduciary duty |

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

100 & 103

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

| | |
|---|---|
| 9 | Breach of implied-in-fact contract |
| 10 | Insurance bad faith |
| 11 | Unjust enrichment |

Over the next few months, the three named defendants filed a variety of motions to dismiss the FAC on various grounds. The Court ruled on these motions on July 27, 2007. That day, the Court issued an Order ("July 27 Order"), in which the Court found as follows. As to Plaintiff's First, Second, Fifth, and Sixth Causes of Action, the Court granted the defendants' motions, reasoning that Plaintiff had failed to satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.[2] With respect to Plaintiff's Fourth and Tenth Causes of Action, the Court granted the defendants' motions on the ground that Plaintiff lacked standing to bring those claims.[3] The Court also granted the defendants' motions as they related to Plaintiff's Third and Eleventh Causes of Action on the ground that Plaintiff failed to demonstrate that there was in fact a legal basis for these claims.[4] Lastly, the Court denied the defendants' motions as they related to Plaintiff's Seventh, Eighth, and Ninth Causes of Action.

On October 12, 2007, Plaintiff filed a Second Amended Complaint ("SAC"), in which she asserts the following ten claims:

| PLAINTIFF'S SECOND AMENDED COMPLAINT | |
|---|---|
| CAUSE OF ACTION | UNDERLYING LEGAL THEORY |
| 1 | Violation of California Business and Professions Code section 17200 (misrepresentation of policy terms) |
| 2 | Violation of California Business and Professions Code section 17200 (undisclosed kickbacks) |
| 3 | Violation of California Business and Professions Code section 17200 (policy switching) |
| 4 | Violation of California Civil Code section 1750 |
| 5 | Common law fraud |
| 6 | Negligent misrepresentation |
| 7 | Civil conspiracy |
| 8 | Breach of fiduciary duty |
| 9 | Breach of implied-in-fact contract |

---

[2] The Court dismissed these claims without prejudice.

[3] The Court dismissed these claims with prejudice.

[4] The Court dismissed these claims with prejudice.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

| 10 | Insurance bad faith |
|---|---|

Presently, all three defendants move to dismiss the SAC under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.[5]  The three defendants also move to strike certain allegations from the SAC under Rule 12(f) of the Federal Rules.

## II.     LEGAL STANDARDS

### A.     Rule 9(b) of the Federal Rules of Civil Procedure

Under Rule 9(b), the "circumstances constituting fraud" must be stated with particularity. *See* Fed. R. Civ. P. 9(b).  The Ninth Circuit has explained that the reference to "circumstances constituting fraud" requires, at a minimum, that the claimant pleads evidentiary facts, such as time, place, persons, statements, and explanations of why the statements are misleading.  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994).

### B.     Rule 12(b)(6) of the Federal Rules of Civil Procedure

Under Rule 12(b)(6), a party may move to dismiss a claim if the claimant fails to state a claim upon which relief can be granted.  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted).  Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  Importantly, though, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

---

[5] In support of the Motion, Asurion, T-Mobile, and Liberty have submitted a joint opening brief.  In addition, Asurion and T-Mobile have submitted a joint Reply brief.  Liberty declined to join in their Reply and has instead filed its own Reply brief.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

100 & 103

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993), and must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). To further the inquiry, courts may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir. 1994), *reversed on other grounds*. A document may, however, be considered only if it is alleged in the complaint and its authenticity is not questioned. *See id.*

    C.    <u>Rule 12(f) of the Federal Rules of Civil Procedure</u>

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit has held that "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief" and "'[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds.*

III.    <u>DISCUSSION</u>

    A.    <u>Defendants Asurion and T-Mobile's Motion to Dismiss Under Rules 9(b) and 12(b)(6)</u>[6]

Defendants Asurion and T-Mobile (collectively, "Defendants") move to dismiss Plaintiff's SAC under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

        1.    <u>Plaintiff's First Cause of Action (California Business and Professions Code Section 17200 – Misrepresenting Policy Terms)</u>

Plaintiff's First Cause of Action is brought under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.[7] According to Plaintiff, although Defendants

---

[6] The analysis herein—subsection A—only pertains to Defendants Asurion and T-Mobile; accordingly, any references to "Defendants" should be understood as a reference only to these two defendants.
[7] With the exception of paragraph 47, this Cause of Action mirrors the First Cause of Action from the FAC.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

represent that the Program is akin to a traditional insurance policy, Defendants fail to disclose to subscribers the following four pieces of information. First, the "deductible" is, what Plaintiff calls, a "compulsory processing fee," which subscribers must pay before their claim is processed. *SAC* ¶ 47. Second, the replacement phones provided to subscribers are "often worth less than the deductible" that subscribers must pay to receive the phone. *Id.* Third, Defendants can profit from processing claims. *Id.* And, lastly, Defendants do not adjust the loss to ensure that the replacement phone is equivalent in value to the phone that was insured and worth more than the deductible. *Id.*

Defendants now move to dismiss this claim on two alternative grounds. First, Defendants argue that Plaintiff lacks standing to bring this claim. Second, Defendants contend that Plaintiff has failed to plead her claim with the requisite degree of specificity under Rule 9(b). Each of these arguments is evaluated in turn.

a. <u>Defendants' Standing Argument</u>

Defendants take the position that Plaintiff cannot demonstrate the "actual injury" component of standing. As both parties are aware, it is well-established that Article III requires a party who invokes the court's authority to "show that [she] personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant . . . . This is the 'actual injury' component of the standing doctrine; it requires an injury to be 'real and immediate,' not merely 'conjectural' or 'hypothetical.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (internal citations and quotation marks omitted). Further, where, as here, a claim is brought under the UCL, a person must demonstrate that she "has suffered injury in fact and has lost money or property as a result of such unfair competition." *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 227, 46 Cal. Rptr. 3d 57 (2006).

Essentially, Defendants argue that this Cause of Action only contains allegations that Plaintiff *may* have been injured *if* she had in fact received a replacement phone that was worth less than her "deductible." They reason that since Plaintiff never received a replacement phone worth less than her "deductible," she can only speculate about injury. But Defendants misunderstand the injury suffered by Plaintiff. Plaintiff is not complaining that she was, or could have been, injured when she received a phone worth less than her deductible. Rather, Plaintiff is complaining that she was misled by Defendants' representations concerning the premium. And, as a result of being misled, Plaintiff paid a premium that she otherwise would not have paid had the full terms of the Program been disclosed to her. Thus, the premium paid is the "lost money or property" that constitutes the injury in fact. *Californians for Disability*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

*Rights*, 39 Cal. 4th at 223. Accordingly, the Court finds that Plaintiff has demonstrated the "actual injury" component of standing.

        b.        <u>Defendants' Specificity Argument</u>

Although unclear from the moving papers, it seems that Defendants' second argument is an argument that Plaintiff has failed to plead the First Cause of Action with the requisite amount of specificity. For the reasons that follow, the Court rejects this argument just as it rejected Defendants' prior argument.

Under Rule 9(b), the "circumstances constituting fraud" must be stated with particularity. *See* Fed. R. Civ. P. 9(b). The Ninth Circuit has explained that the reference to "circumstances constituting fraud" requires, at a minimum, that the claimant pleads evidentiary facts, such as time, place, persons, statements, and explanations of why the statements are misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547 n.7; *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation omitted) (noting that the averments of fraud relating to a claim under the UCL "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged").

In its July 27 Order, the Court found that Plaintiff failed to satisfy the requirement to specifically plead her allegations of misleading advertising under section 17200 as required by Rule 9(b). Since then, Plaintiff has amended her SAC and included the necessary information she omitted from her FAC; that is, she has included allegations pertaining to "'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. Specifically, in her SAC Plaintiff includes allegations about Plaintiff's visit to a M8 Wireless store in Torrance, California on April 19, 2004. *See SAC* ¶ 30. While there, Plaintiff enrolled in the Program after a sales representative, who went by the name of "Ricky," informed Plaintiff of the basic specifications of the Program (*i.e.*, the monthly premium, deductible, and the policy limit). *Id.* According to Plaintiff, Ricky did not provide her with a copy of the insurance policy at issue, not because he was careless, but because it was the "uniform practice of T-Mobile and its agents . . . to only tell customers the basic terms of the insurance without explanation, and not to provide a copy of the insurance policy at the point of sale." *Id.*

These allegations are sufficient under Rule 9(b). Plaintiff has set forth specific facts and specific statements, made by or attributed to Defendants, which are alleged to reveal Defendants' misrepresentations. Consequently, the Court rejects Defendants' argument that Plaintiff has failed to plead her claim with the requisite specificity.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

   c.  <u>Conclusion</u>

 The Court finds Defendants' arguments unpersuasive. Accordingly, the Court DENIES Defendants' Motion as it relates to Plaintiff's First Cause of Action.

   2.  <u>Plaintiff's Second Cause of Action (California Business and Professions Code Section 17200 – Undisclosed Kickbacks)</u>

 Plaintiff's Second Cause of Action is also asserted under the UCL but is alleged against only T-Mobile. This Cause of Action centers on two incidents. The first involves T-Mobile's representations that the insurance premium is paid to Liberty, with Asurion retaining a portion as an administrative fee, when in fact – at least according to Plaintiff – T-Mobile itself retains a portion of every premium paid. *SAC* ¶ 56. The second incident involves an alleged deal between T-Mobile and Asurion, in which "Asurion purchases phones from T-Mobile that consumers have returned as defective, and pays T-Mobile a price in excess of the fair market value." *Id.* at ¶ 57.

 T-Mobile makes the same two arguments Defendants made in relation to Plaintiff's First Cause of Action. That is, T-Mobile argues that Plaintiff lacks standing to bring this claim and has failed to plead it with the requisite specificity.

   a.  <u>T-Mobile's Standing Argument</u>

 T-Mobile argues that Plaintiff has failed to demonstrate the "actual injury" component of standing. As support for this argument, T-Mobile cites to the recent California Court of Appeal decision, *Peterson v. Cellco P'Ship*, 164 Cal. App. 4th 1583, 80 Cal. Rptr. 3d 316 (2008). But for the reasons that follow, the Court finds that T-Mobile's reliance on this case is misplaced.

 In *Peterson*, the plaintiffs claimed that the defendant vendor violated the UCL by offering and selling insurance for cell phones without a license. *Id.* at 1586. Ultimately, the California Court of Appeal found that the lower court properly sustained the defendant's demurrer to the UCL claim, reasoning that "absent an allegation by plaintiffs that they could have bought the same policy elsewhere for a lower price, they suffered no actual injury." *Id.* at 1593 n.5. What T-Mobile fails to appreciate is that after making this determination, the court stated that the plaintiffs could have also demonstrated standing—at least at that stage of the proceeding—by alleging either that they were dissatisfied with the product received or uninformed of its price or the extent of the insurance coverage. *Id.* at 1592 (citing *Hall v. Time, Inc.*, 158 Cal. App. 4th

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

847, 70 Cal. Rptr. 3d 466 (2008)). Thus, when read properly, *Peterson* stands for the proposition that a plaintiff's claim can survive if she pleads (1) that she could have bought a similar policy elsewhere for a lower price; (2) that she was dissatisfied with the product received; or (3) that she was uninformed of the product's price or the extent of the insurance coverage.

In a sense, this case is essentially about Plaintiff's dissatisfaction with the product received, which, according to Plaintiff, relates at least in part to the alleged fact that she did not receive full disclosure about the nature, price, and extent of coverage. For example, in the SAC, Plaintiff avers that although Asurion and T-Mobile represent to consumers that they will receive a replacement phone of "like, kind, quality, and value," they fail to disclose that consumers will actually receive a "refurbished" phone that is worth less than the phone they originally paid for. *See SAC* ¶¶ 22-23. Thus, since Plaintiff includes allegations demonstrating both her dissatisfaction with the product received and the lack of full disclosure, the Court finds that Plaintiff has satisfied the pleading requirements articulated by the California Court of Appeal.

    b.  T-Mobile's Specificity Argument

T-Mobile argues that Plaintiff has failed to plead this claim in accordance with Rule 9(b). This argument is essentially the same argument the Court already rejected above. The Court finds the argument equally unpersuasive here.

    c.  Conclusion

The Court finds Defendants' arguments unpersuasive. Accordingly, the Court DENIES Defendants' Motion as it relates to Plaintiff's Second Cause of Action.

    3.  Plaintiff's Third Cause of Action (California Business and Professions Code Section 17200 – Policy Switching)

Plaintiff's Third Cause of Action is alleged against Defendants Asurion and T-Mobile, and centers around an incident that supposedly occurred in or around July 2005. According to Plaintiff, Asurion and T-Mobile, without their customers' consent, switched their customers from a Hartford Insurance policy to a Liberty Mutual policy. *SAC* ¶ 66. As a consequence, these customers' premiums and deductibles increased. *Id.* Defendants now move to dismiss on two alternative grounds.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

          a.      Defendants' Standing Argument

      Citing to *Peterson*, 164 Cal. App. 4th at 1593 & n.5, Defendants once again argue that Plaintiff lacks standing to plead this claim because she has failed to allege that she could purchase the Program elsewhere.  However, as the Court explained above, Plaintiff can demonstrate standing by alleging certain other facts, *see id.* 1592, and she has done just that.  Therefore, the Court finds that Plaintiff has standing to assert this claim.

          b.      Defendants' Contract Argument

      Defendants also attempt to persuade the Court to dismiss this Cause of Action on an alternative ground.  In short, Defendants take the position that although Plaintiff argues that Defendants did not have authority to "switch" customers from the Hartford policy to a new plan underwritten by Liberty, the terms and conditions of the relevant contract make it clear that rates and deductibles are subject to change at Defendants' discretion.

          i.      Whether the Court May Consider the Extrinsic Evidence Submitted by Defendants

      As an initial matter, the Court must first determine whether it can consider the documents cited to by Defendants in their moving papers.  "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  However, the Ninth Circuit has held that documents which are not physically attached to a pleading may be considered on a Rule 12(b)(6) motion to dismiss if their contents are alleged in a complaint and no party questions their authenticity.  *Branch*, 14 F.3d at 454.

      In support of their argument on the instant issue, Defendants cite to six different documents: (1) the T-Mobile Service Agreement ("Agreement") executed by Plaintiff, attached as Exhibit 4; (2) a copy of Asurion's brochure for the Equipment Protection Program that Defendants aver was provided to T-Mobile customers in or around March 2004,[8] attached as Exhibit 5; (3) a copy of Asurion's brochure for the Program that Defendants aver is currently provided to T-Mobile's customers,[9] attached as Exhibit 6; (4) a Notice Letter, attached as

---

[8] *See Mot*. 4 n.4 (citing *Columbo Decl.*).
[9] *See Mot*. 4 n.4 (citing *Columbo Decl.*).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

Exhibit 7; (5) a copy of an Asurion record, presumably from an Asurion database, attached as Exhibit 8; and, (6) a copy of a letter sent to Paul Dolan, attached as Exhibit 9.

Plaintiff disputes the authenticity of Exhibits 7, 8, and 9. *See Opp.* 21-22. Accordingly, the Court may not consider them in ruling on the present Motion. *Branch*, 14 F.3d at 454. As for Exhibits 4, 5, and 6, their contents are alleged in the Complaint and Plaintiff apparently does not dispute their authenticity. Thus, as it stands, in resolving the immediate issue, the only outside documents the Court will consider are those attached as Exhibits 4, 5, and 6.

    ii.  <u>Whether the Relevant Contracts Dispose of Plaintiff's Claim</u>

According to Defendants, the governing contracts provide that the terms and conditions of the Program are subject to change at their discretion. Thus, they contend, since the contracts authorize them to change the terms and conditions of the Program, it follows that Plaintiff's claim that they did not have authority to switch underwriters must fail as a matter of contract.

Even assuming for argument's sake that Defendants are correct, not just that these documents are the governing contracts but also in their interpretation of these provisions, they neglect to account for the "reasonable notice" clauses included in each document. *See Ex. 4*, p. 83, ¶ 4; *Ex. 5*, p. 85B; *Ex. 6*, p. 91. Under these clauses, Defendants were required to provide notice to Plaintiff before changing the terms and conditions of the Program. Importantly, whether Defendants in fact provided this notice is in dispute.

Generally speaking, factual disputes, such as the one at issue, should not be resolved on a motion to dismiss. Keeping with the general rule, the Court declines to do so in this instance. Accordingly, the Court rejects Defendants' argument that the contracts dispose of this claim.

   c.  <u>Conclusion</u>

The Court finds Defendants' arguments unpersuasive. Accordingly, the Court DENIES Defendants' Motion as it relates to Plaintiff's Third Cause of Action.

   4.  <u>Plaintiff's Fourth Cause of Action (False Advertising)</u>

Plaintiff's Fourth Cause of Action is brought under California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500. As the Court has noted before, the same standards

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

for a UCL claim apply to a FAL claim. *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 819, 66 Cal. Rptr. 3d 543(2007).

In this case, the false advertising claim is based on the same allegations which underlie the first and second UCL claims. Since the Court has already determined that Plaintiff has survived the present Motion as it pertains to the UCL claims, it follows that Plaintiff can survive the present Motion as it pertains to the Fourth Cause of Action. Accordingly, the Court DENIES Defendants' Motion insofar as it relates to Plaintiff's Fourth Cause of Action.

> 5. Plaintiff's Fifth and Sixth Causes of Action (Common Law Fraud and Negligent Misrepresentation)

Plaintiff's Fifth Cause of Action is for common law fraud while her Sixth Cause of Action is for negligent misrepresentation. The standing and pleading requirements for these claims are similar to those for Plaintiff's prior four claims. *See Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519-20, 23 Cal. Rptr. 3d 1 (2004).

In moving to dismiss these two Causes of Action, Defendants rely on the same arguments they made with respect to Plaintiff's First Cause of Action. Just as the Court rejected those arguments above, the Court rejects those arguments here. Accordingly, the Court finds that these Causes of Action survive the present Motion and, therefore, DENIES Defendants' Motion insofar as it relates to these Causes of Action.

> 6. Plaintiff's Eighth Cause of Action (Breach of Fiduciary Duty)

Plaintiff's Eighth Cause of Action is for breach of a fiduciary duty and is alleged against Defendants Asurion and T-Mobile. Previously, Defendants moved to dismiss this Cause of Action on the ground that they were not "insurance brokers" for Plaintiff and, thus, they had no special relationship with Plaintiff that would give rise to a fiduciary duty. *See Order on Defendants' Motion to Dismiss* (July 27, 2007). The Court rejected that argument, finding that Plaintiff adequately alleged facts that could lead to a determination that Asurion and T-Mobile acted as insurance brokers and owed Plaintiff a fiduciary duty. *Id.* Despite the Court's prior ruling, Defendants once again assert the same argument with regard to Plaintiff's Eighth Cause of Action.

The allegations in the FAC relating to Plaintiff's breach of fiduciary duty claim mirror the allegations in the SAC. Just as the Court previously found those allegations to be sufficient to

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

withstand a motion to dismiss, *see id.*, the Court again finds them to be sufficient to withstand the instant Motion. Accordingly, Defendants' Motion is DENIED insofar as it relates to Plaintiff's Eighth Cause of Action.

       7.      <u>Plaintiff's Ninth Cause of Action (Breach of Implied Contract)</u>

Plaintiff's Ninth Cause of Action asserts a claim for breach of implied contract against Asurion and T-Mobile. Specifically, Plaintiff alleges that consumers paid their premium to Asurion and T-Mobile on the understanding that they had an insurance policy with a $35 "deductible." *Compl.* ¶ 109. Thus, read properly, the subject matter of this claim is the "deductible."

In its July 27 Order, the Court first noted that under California law a court cannot find an implied contract exists when there is an express contract that governs the same subject matter. *See Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1387, 88 Cal. Rptr. 2d 802 (1999) ("There cannot be a valid express contract and an implied contract, each embracing the same subject, but compelling different results.") The Court then rejected Defendants' motion to dismiss this claim as it was asserted in the FAC, reasoning that Plaintiff sufficiently alleged that there was an implied-in-fact contract between the parties that required Defendants to maintain their insurance policy with a $35 deductible and not to switch consumers to a policy with less-favorable terms. This Court also observed that it was unclear whether this claim would prove meritorious at trial, intimating that this claim may in fact be covered by an express contract.

Defendants have seized upon the Court's intimation and now advance a rather straightforward argument. Put simply, they contend that there are in fact contracts that expressly cover the subject matter of the implied contract claim, *i.e.*, they claim that there are express contracts that grant Defendants authority to change certain terms and conditions of the Program, including the "deductible." In support of their argument, Defendants cite to three different provisions in three different documents, all of which substantiate their claim that they did have authority to change certain terms and conditions of the Program. *See Ex. 4*, p. 83, ¶ 4 ("We may change or increase the charges for Service, Other Services, or any other charges at any time."); *Ex. 5*, p. 85B ("Rates and deductibles are subject to change upon reasonable notice to the insured"); *Ex. 6*, p. 91 ("Rates are subject to change upon reasonable notice to insured").

Since the agreements cited by Defendants cover the same subject matter as the implied contract claim, the Court GRANTS Defendants' Motion to Dismiss insofar as it relates to Plaintiff's Ninth Cause of Action. In addition, as it now appears that there is an express contract

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

governing the subject matter of this claim, the Court GRANTS Plaintiff leave to amend so that she can add a claim for breach of an express contract.

> 8. <u>Plaintiff's Seventh Cause of Action (Civil Conspiracy)</u>

Plaintiff's Seventh Cause of Action is a claim for civil conspiracy, alleged against Defendants Asurion and T-Mobile. Pointing to the well-settled rule of law that a civil conspiracy does not give rise to a cause of action unless an independent civil wrong has been committed, *see Rusheen v. Cohen*, 37 Cal. 4th 1048, 1062, 39 Cal. Rptr. 3d 516 (2006), Defendants argue that Plaintiff has failed to maintain a viable independent claim. Thus, since there is no underlying wrong, there can be no claim for civil conspiracy.

However, as is clear from the analysis above, Plaintiff has survived the present Motion to Dismiss in almost all respects. Accordingly, as Plaintiff has sufficiently pleaded that Defendants have committed several independent civil wrongs, the Court finds that this Cause of Action is also sufficiently pleaded. Therefore, the Court DENIES Defendants' Motion insofar as it relates to Plaintiff's Seventh Cause of Action.

> 9. <u>Plaintiff's Tenth Cause of Action (Unjust Enrichment)</u>

Plaintiff's last and Tenth Cause of Action presents a claim of unjust enrichment. Unjust enrichment is not so much a cause of action, or even a remedy, as it is "a general principle, underlying various legal doctrines and remedies . . . It is synonymous with restitution . . . Unjust enrichment has also been characterized as describing the result of a failure to make restitution." *McBride v. Boughton*, 123 Cal. App. 4th 379, 387, 20 Cal. Rptr. 3d 115 (2004) (internal citations and quotation marks omitted). "Furthermore, there are several potential bases for a cause of action seeking restitution. For example, restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." *Id.* at 388. "Alternatively, restitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion or similar conduct. In such cases, the plaintiff may choose not to sue in tort, but instead to seek restitution on a quasi-contract theory (an election referred to at common law as 'waiving the tort and suing in assumpsit')." *Id.*

In its July 27 Order, the Court began its analysis of Plaintiff's unjust enrichment claim by observing that the only potential bases for allowance of the claim were Plaintiff's fraud claims.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

The Court then reasoned that since it had dismissed those fraud claims, the Court was required to also dismiss Plaintiff's claim for unjust enrichment.

Here, Plaintiff's fraud claims form the base of her unjust enrichment claim. As the Court has found that Plaintiff's fraud claims survive this Motion, it follows that Plaintiff's unjust enrichment claim also survives the Motion. Accordingly, the Court DENIES Defendants' Motion insofar as it relates to Plaintiff's Tenth Cause of Action.

  B.  <u>Defendant Liberty's Motion to Dismiss Under Rules 9(b) and 12(b)(6)[10]</u>

    1.  <u>Whether the Court Should Consider Liberty's Reply</u>

The Court first considers whether it should consider the individual Reply submitted by Liberty. In that Reply, Liberty raises slightly different arguments than those found in the joint opening brief in support of the joint Motion to Dismiss. Plaintiff now seeks to strike Liberty's Reply from the record on the ground that it improperly raises "new" arguments.

As a general rule, courts will not entertain new arguments raised for the first time in a movant's reply brief. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). However, courts have considered such arguments when the opposing party has not been misled and the arguments have been fully explored. *Id.* (citation omitted).

As an initial matter, the Court does not entirely agree with Plaintiff that the arguments in Liberty's Reply are "new." Essentially, Liberty argues that Plaintiff's fraud-based claims against it fail to comply with Rule 9(b) and that there is no predicate act that could give rise to a conspiracy claim. These two arguments are, in all actuality, the same arguments raised in the joint opening and which the Court has already addressed in relation to the other defendants in this case. But even assuming that these arguments are "new," they have been fully explored in the three defendants' joint brief and Plaintiff's Opposition. Moreover, there is no indication that Liberty ever misled Plaintiff. For these reasons, the Court accepts Liberty's Reply and reaches the merits of the instant Motion as it relates to Liberty.

    2.  <u>Plaintiff's First, Third, Fourth, and Fifth Causes of Action (Fraud Claims)</u>

---

[10] The analysis in this subsection is based on the Joint Motion to dismiss, filed by all three defendants, Plaintiff's Opposition to that Motion, and Liberty's Reply.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

Plaintiff asserts seven claims against Liberty, four of which are essentially different variations of fraud claims.[11] As Liberty correctly points out in its Reply, consistent with the general rule that a claim sounding in fraud must state certain evidentiary facts, *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547 n.7, courts have routinely held that *each* defendant against whom a fraud-based claim is asserted must be notified of the circumstances surrounding the fraudulent conduct with which she *individually* has been charged. *Wanetick v. Mel's of Modesto, Inc.*, 811 F. Supp. 1402, 1405 (N.D. Cal. 1992); *McFarland v. Memorex Corp.*, 493 F. Supp. 631, 639 (N.D. Cal. 1980); see also *Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518, 522 n. 7 (S.D.N.Y.1977).

After carefully reviewing Plaintiff's SAC, the Court finds that the only allegations pertaining to fraudulent conduct relate to the conduct of Asurion and T-Mobile. Accordingly, since Plaintiff has failed to allege that Liberty individually engaged in any fraudulent conduct, the Court GRANTS Liberty's Motion to Dismiss the First, Third, Fourth, and Fifth Causes of Action asserted against it. As Plaintiff has now had at least three opportunities to properly assert claims against Liberty, this Motion is granted with prejudice. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint.") (citations omitted).

   3. <u>Plaintiff's Sixth Cause of Action (Negligent Misrepresentation)</u>

Plaintiff's Sixth Cause of Action is a claim for negligent misrepresentation. As noted above, fraud claims and claims of negligent misrepresentation have the same standing and pleading requirements. *See Cadlo*, 125 Cal. App. 4th at 519-20. That is, "[e]ach element in a cause of action for . . . negligent misrepresentation must be factually and specifically alleged." *Id* at 519.

Here, Plaintiff has failed to plead her negligent misrepresentation claim with the requisite specificity. Accordingly, the Court GRANTS Liberty's Motion to Dismiss Plaintiff's Sixth Cause of Action insofar as it is asserted against Liberty. Additionally, for similar reasons discussed above, this dismissal is with prejudice.

   4. <u>Plaintiff's Seventh Cause of Action (Civil Conspiracy)</u>

---
[11] These claims are found in the First, Third, Fourth, and Fifth Causes of Action.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

In her SAC, Plaintiff asserts a claim for civil conspiracy against Liberty, who presently argues that this claim is defective for the following two reasons. To the extent the conspiracy claim is grounded on Plaintiff's fraud claims, it must fail because Plaintiff cannot assert any fraud claims against Plaintiff. And to the extent the conspiracy claim is grounded on Plaintiff's breach of fiduciary claim, it also fails because Liberty owed no duty to Plaintiff. Each of these arguments is addressed in turn, beginning with the latter argument first.

"Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11, 28 Cal. Rptr. 2d 475 (1994). Also, "[b]y its nature, tort liability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, i.e., that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach of that duty." *Id.* at 511. Here, Plaintiff has failed to demonstrate that Liberty owed her a fiduciary duty. Therefore, even if Liberty, Asurion and T-Mobile did in fact enter into an agreement that Asurion and T-Mobile would breach their fiduciary duty to Plaintiff, since Liberty was not personally bound by the fiduciary duty, it cannot be liable to Plaintiff under a conspiracy theory. *See Doctors' Co. v. Superior Court*, 49 Cal. 3d 39, 44, 260 Cal. Rptr. 183 (1989).

Since the breach of fiduciary claim cannot serve as the underlying act for Plaintiff's civil conspiracy claim, the Court must next consider whether another independent civil wrong can serve as the underlying act. The only remaining independent civil wrong for which Plaintiff can bring a claim for conspiracy are the fraud-based claims discussed above. In reviewing that claim, it is clear that it fails for the same reason that Plaintiff's fraud claims fail—that is, it fails to state with "particularity" the underlying allegations. *See Vess*, 317 F.3d at 1103-04 (noting that the "particularity" requirement of Rule 9(b) applies not only to claims expressly denominated as "fraud" allegations, but also to claims that are "grounded" in fraud or that "sound" in fraud).

In summary, because Plaintiff cannot maintain a breach of fiduciary claim or fraud claim against Liberty, her civil conspiracy claim fails. Accordingly, the Court GRANTS Liberty's Motion to Dismiss Plaintiff's Seventh Cause of Action, insofar as it is asserted against Liberty, with prejudice.

     5.    <u>Plaintiff's Tenth Cause of Action (Unjust Enrichment)</u>

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

Plaintiff's last Cause of Action presents a claim of unjust enrichment against Liberty. Because the Court has dismissed the other Causes of Action asserted against Liberty, it follows that there can be no claim for unjust enrichment. Accordingly, the Court GRANTS Liberty's Motion to Dismiss Plaintiff's Tenth Cause of Action, insofar as it is asserted against Liberty, with prejudice.

      C.      <u>Defendant Asurion's, T-Mobile's, and Liberty's Joint Motion to Strike the Class Allegations</u>

In addition to moving to dismiss Plaintiff's Causes of Action under Rule 9(b) and Rule 12(b)(6), all three defendants have submitted a joint Motion to Strike the class allegations from the SAC under Rule 12(f), which allows the court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

In the SAC, Plaintiff defines the Class as:

National Class:
All individuals or entities throughout the United States and its territories who purchased cell phone insurance from Asurion through T-Mobile USA.

California Class:
All individuals or entities in the State of California who purchased cell phone insurance from Asurion through T-Mobile USA (or non-California residents who purchased the insurance in California).

National Subclass One:
All individuals or entities throughout the United States and its territories who purchased cell phone insurance from Asurion through T-Mobile USA and who were switched to a policy with a higher deductible.

California Subclass One:
All individuals or entities in California who purchased cell phone insurance from Asurion through T-Mobile USA (or non California residents who purchased the insurance in California) who were switched from a Hartford policy to a Liberty Mutual policy.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

*SAC* ¶ 34. The defendants contend that Plaintiff's class allegations are too broad because the current class definition includes putative class members who released their claims last year in the matter of *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360 (S.D. Fla. 2007). Accordingly, the defendants now request that the current class definition be stricken or amended to explicitly exclude the *Perez* class members.[12] Plaintiff, on the other hand, takes the position that this Motion is premature. She reasons that since claim preclusion is an affirmative defense, which Defendants have the burden of proving, Defendants must establish, among other things, that representation of the class was adequate. *See Frank v. United Airlines*, 216 F.3d 845, 851 (9th Cir. 2000).

In reviewing the arguments on this issue, the Court has been mindful that "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Nonetheless, the Court is disinclined to explore the merits of these arguments at this time. Instead, the Court chooses to consider these arguments in connection with Plaintiff's motion for class certification. Undoubtedly, addressing these arguments at a later date will require additional time and expense on the part of the defendants. But the Court is reluctant to preemptively deny Plaintiff at least the opportunity to present a motion for class certification.

Therefore, the Court DENIES the defendants' Motion to Strike at this time, but does so without prejudice. Defendants may reassert the arguments raised here in connection with Plaintiff's motion for class certification.

### IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants Asurion's, T-Mobile's, and Liberty's Joint Motion to Dismiss. More specifically, the Court rules as follows:

---

[12] Under the terms of the settlement agreement, the *Perez* class members included "all former and/or current Asurion and lock\line subscribers who reside[d] in the U.S. and who, during the Class Period: (a) made any monthly premium payments; (b) submitted a claim for loss under the Programs; and (c) received a replacement phone that was Refurbished." *Stover Decl.*, *Ex.* A (*Settlement Agreement*, ¶ 1.32).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**100 & 103**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JTLx) | Date | Dec. 30, 2008 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation | | |

| CAUSE OF ACTION | DEFENDANT AGAINST WHOM IT IS ASSERTED | Disposition |
|---|---|---|
| 1 | Asurion | Denied |
| 1 | T-Mobile | Denied |
| 1 | Liberty | Granted |
| 2 | T-Mobile | Denied |
| 3 | Asurion | Denied |
| 3 | T-Mobile | Denied |
| 3 | Liberty | Granted |
| 4 | Asurion | Denied |
| 4 | T-Mobile | Denied |
| 4 | Liberty | Granted |
| 5 | Asurion | Denied |
| 5 | T-Mobile | Denied |
| 5 | Liberty | Granted |
| 6 | Asurion | Denied |
| 6 | T-Mobile | Denied |
| 6 | Liberty | Granted |
| 7 | Asurion | Denied |
| 7 | T-Mobile | Denied |
| 7 | Liberty | Granted |
| 8 | Asurion | Denied |
| 8 | T-Mobile | Denied |
| 9 | Asurion | Granted, with leave to amend |
| 9 | T-Mobile | Granted, with leave to amend |
| 10 | Asurion | Denied |
| 10 | T-Mobile | Denied |
| 10 | Liberty | Granted |

In addition, the Court DENIES the three defendants' Motion to Strike, without prejudice.

**IT IS SO ORDERED.**