Taras P. Kick (State Bar No. 143379)
Graig R. Woodburn (State Bar No. 134097)
Thomas A. Segal (State Bar No. 222791)
THE KICK LAW FIRM, APC
900 Wilshire Blvd., Suite 230
Los Angeles, California 90017
Telephone:  (213) 624-1588
Facsimile:  (213) 624-1589

Counsel for Plaintiff

DAVID M. WALSH (SB# 120761)
(davidwalsh@paulhastings.com)
RONALD M. OSTER (SB# 57954)
(ronaldoster@paulhastings.com)
GEOFFREY T. STOVER (SB# 211715)
(geoffstover@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendants
ASURION CORPORATION,
ASURION INSURANCE SERVICES, INC. and
T-MOBILE USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINEESA COLE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ASURION CORPORATION, a Delaware corporation; ASURION INSURANCE SERVICES, INC., a Tennessee corporation; T-MOBILE USA, INC., a Delaware corporation; LIBERTY MUTUAL INSURANCE CORPORATION, a Massachusetts corporation; and DOES 1-500,<br><br>Defendants. | CASE NO. CV-06-6649-PSG (JTLx)<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

The parties, Plaintiff Wineesa Cole ("Plaintiff") and Defendants Asurion Corporation, Asurion Insurance Services, Inc. and T-Mobile USA, Inc. ("Defendants"), through their respective counsel of record, hereby stipulate as follows:

1. This Confidentiality Stipulation and Protective Order ("Protective Order") shall govern all answers, documents and other discovery materials – including, but not limited to, documents as that term is defined in Federal Rules of Evidence, deposition transcripts, answers to interrogatories and any other written, electronic or recorded material – produced by any party and/or non-party to the above-entitled Action in response to any discovery requests made therein.

2. Whenever, in the opinion of (a) any party to this Action, responding to any discovery request, or (b) any non-party to this Action responding to a subpoena, such response would reveal information which such party (hereinafter "the designating party")in good faith believes to constitute confidential commercial information or a trade secret of such a nature that the disclosure of such material could have a negative competitive impact, the designating party shall have the right to designate such information as "CONFIDENTIAL" (hereinafter "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL"). Such designation must occur within 5 days of the discovery response.

3. The party to whom such CONFIDENTIAL MATERIAL is disclosed (hereinafter the "receiving party") and its attorneys shall maintain the CONFIDENTIAL MATERIAL pursuant to the terms of this Protective Order.

4. The designation of CONFIDENTIAL MATERIAL shall be made by marking the first page of a document wherein such CONFIDENTIAL MATERIAL is contained with the word "CONFIDENTIAL." Any document, answer to an interrogatory, answer to request for admissions, or any portion of any deposition

transcript containing a designation of "CONFIDENTIAL" information contained therein, and any copies, summaries, charts or notes made therefrom, shall be deemed CONFIDENTIAL MATERIAL and shall be treated as such pursuant to the terms of this Protective Order.

5. With respect to the examination of witnesses upon oral deposition, when CONFIDENTIAL MATERIAL is supplied and/or when the deponent's testimony contains CONFIDENTIAL MATERIAL, the reporter shall be informed of this Protective Order by the party seeking confidentiality and will be required to operate in a manner consistent therewith. The reporter shall place on the cover of any deposition transcript which contains any CONFIDENTIAL MATERIAL the words "CONTAINS CONFIDENTIAL MATERIAL." Counsel for the respective parties to this Action shall take appropriate steps to prevent any portions of any deposition transcript designated "Confidential" from being disclosed to any person except as provided in this Stipulated Protective Order.

6. CONFIDENTIAL MATERIAL may, for the purpose of this Action, be disclosed only to

    a. the undersigned attorneys, including such attorneys' professional, stenographic, paralegal, clerical and other employees who have direct, functional responsibility for the preparation and trial of this Action, which is defined as Cole v. Asurion Corporation, et al.;

    b. persons who are employed or otherwise bound by counsel to furnish expert, consultant or litigation support services, to give expert testimony, or otherwise to aid in the preparation for trial of this Action, provided that prior to such disclosure such person to whom disclosure of CONFIDENTIAL MATERIAL is to be made shall acknowledge and confirm by way of a Declaration, in the form of Exhibit A hereto,

           that he or she has read this Protective Order and agrees to comply with its terms;

   c.    the Court as set forth in this Protective Order;

   d.    a deponent during the deponent's deposition in this Action, or to any witness during the witness' testimony in this action;

   e.    the parties, or such officers or employees of the receiving party who are responsible for making or recommending decisions about this Action, or whose expertise is required by the party in connection with this Action;

   f.    any other person as to whom the parties in writing agree.

7.    The attorneys for the respective parties to this Action shall maintain a file of any Declarations. Such Declarations shall be made available as ordered by the Court upon a showing of good cause.

8.    Any party may object to the propriety of the designation of the specific material as CONFIDENTIAL by serving a written objection on the designating party or its counsel. If the non-designating party timely objects to the propriety of the designation of the specific material as CONFIDENTIAL, the designating party shall have 20 days to move the Court for an order to declare such materials CONFIDENTIAL. If the designating party fails to timely seek such an order, the materials will no longer be deemed CONFIDENTIAL.

9.    Any party who intends to file materials designated with the Court as CONFIDENTIAL will give notice to the designating party of at least ten days prior to the date of the proposed filing. If the designating party wishes the documents to be filed under seal the designating party must then file an application pursuant to

Local Rule 79-5.1 no later than 72 hours before the due date of the filing which will contain the CONFIDENTIAL MATERIAL.  The designating party will have the burden of establishing under applicable law that the materials should be sealed.

10.   Prior to the trial of this Action, counsel of record for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded to any CONFIDENTIAL MATERIAL which may be disclosed during the course of trial.

11.   The provisions of this Protective Order apply to all proceedings in this matter, including all appeals and proceedings upon remand.

12.   Upon final disposition of this Action, including all appeals there from, upon notification by the designating party, counsel for each receiving party shall assemble and either destroy or return to counsel for the designating party all CONFIDENTIAL MATERIAL (including all copies, extracts, abstracts, charts and summaries of the material, whether written or otherwise recorded).  If the receiving party elects to destroy any of the documents (including all copies, extracts, abstracts, charts and summaries thereof), he shall certify in writing to the designating party that he has done so and shall certify that he retains no such documents including all copies, extracts, abstracts, charts and summaries thereof.

13.   Inadvertent production of any document or other information that a party to this Action or non-party witness believes should be designated CONFIDENTIAL MATERIAL during discovery, or otherwise, may be retroactively designated by written notice designating each document by Bates number or other identifying information and shall be treated as so indicated from the date written notice of the designation is received.

1  No part of the restrictions imposed by this Protective Order may be
2  terminated, except by written stipulation executed by counsel for each designating
3  party or by an order of this Court for good cause shown.  The final disposition of
4  this Action shall not relieve any person who has received CONFIDENTIAL
5  MATERIAL from the obligations imposed by this Protective Order.

6  The Court may modify this Order *sua sponte* in the interests of justice.  This
7  Order is subject to other modifications based on public policy or other
8  considerations.

10  IT IS SO ORDERED.

12  DATED:  August 18, 2009

/s/
Honorable Jacqueline Chooljian

17  IT IS SO STIPULATED.

1  DATED:  August 14, 2009    DAVID M. WALSH
2                              RONALD M. OSTER
                                GEOFFREY T. STOVER
3                              PAUL, HASTINGS, JANOFSKY & WALKER LLP
4
5                              By: _____/s/_____
                                GEOFFREY STOVER, ESQ.
6
7                              Attorneys for Defendants
                                ASURION CORPORATION, ASURION
                                INSURANCE SERVICES, INC. and T-MOBILE
8                              USA, INC.
9
10 DATED:  August 14, 2009    TARAS KICK, ESQ.,
                                CRAIG WOODBURN, ESQ.,
11                             G. JAMES STRENIO, ESQ.,
                                THOMAS SEGAL, ESQ.
12                             THE KICK LAW FIRM, APC
13
14                             By: _____/s/_____
                                MATTHEW E. HESS, ESQ.
15
16                             Attorneys for Plaintiff
                                WINEESA COLE
17
18
19
20
21
22
23
24
25
26
27
28