O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JCx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):                    Attorneys Present for Defendant(s):

Not Present                                                            Not Present

**Proceedings:**    **(In Chambers) Order GRANTING Defendants' Motion for Summary Judgment on Plaintiff's "Switching" Claim**

Before the Court is Defendant Asurion Corporation's, Defendant Asurion Insurance Services, Inc.'s, and Defendant T-Mobile USA, Inc.'s motion for summary judgment on Plaintiff's "switching" claim. The Court finds the matter appropriate for decision without oral argument. Having considered the papers submitted in support of and in opposition to the motion, the Court GRANTS the motion.

I.    Background

Plaintiff Wineesa Cole ("Plaintiff") purchased a cell phone from Defendant T-Mobile USA, Inc. ("T-Mobile") in April 2004.[1]   When she did so, she enrolled in an insurance program that insured her phone against loss, theft, or damage. This insurance program was marketed by T-Mobile on behalf of Defendants Asurion Corporation and Asurion Insurance Services, Inc. (collectively, "Asurion"). The program was underwritten by the Hartford. The terms of the program included a monthly premium of $3.99 and a deductible of $35.00.

In July 2005, the insurance program in which Plaintiff had enrolled ceased to be underwritten by the Hartford, and began to be underwritten by Liberty Mutual. The terms of the program also changed. In particular, the uniform monthly premium of $3.99 was replaced with a two-tier rate of $3.99 and $5.99, and the uniform $35.00 deductible was replaced with a three-

---

[1] The factual statements in this Background are taken from Plaintiff's Third Amended Complaint, along with the papers submitted in connection with the motion before the Court, and are not in dispute on this motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation et al. | | |

tier deductible of $40.00, $70.00, and $110.00. The applicable premium rate and deductible were determined by the cost of the subscriber's phone.

Plaintiff claims that she was not made aware of this change in the insurance program's underwriter and terms until she attempted to make a claim on her policy some time in August or September 2005. When informed at that time that the program's terms had changed and that she would have to pay a $110.00 deductible in order to receive a replacement for her lost phone, Plaintiff chose instead to cancel her enrollment in the program.

On October 18, 2006, Plaintiff filed this class action against T-Mobile and Asurion (collectively, "Defendants"). Plaintiff's Third Amended Complaint ("Complaint") asserts claims for violations of 1) Cal. Bus. & Prof. Code § 17200 (misrepresentation of policy terms), 2) Cal. Bus. & Prof. Code § 17200 (undisclosed kickbacks), 3) Cal. Bus. & Prof. Code § 17200 (policy switching), and 4) Cal. Bus. & Prof. Code § 17500 (false advertising), as well as claims for 5) common law fraud, 6) negligent misrepresentation, 7) civil conspiracy, 8) breach of fiduciary duty, 9) breach of an express contract, and 10) unjust enrichment.[2]

Plaintiff's second cause of action for violation of Cal. Bus. & Prof. Code § 17200 (undisclosed kickbacks) is asserted against Defendant T-Mobile only, based on allegations that T-Mobile wrongfully failed to disclose to its customers that it received financial inducements from Asurion to continue recommending the insurance program when it began to be underwritten by Liberty Mutual. *See TAC* ¶¶ 54-57. Plaintiff's third cause of action for violation of Cal. Bus. & Prof. Code § 17200 (policy switching) is asserted against both T-Mobile and Asurion based on allegations that, at the time the insurance program began to be underwritten by Liberty Mutual, neither T-Mobile nor Asurion was appointed to act as agent for Liberty Mutual, as required under the California Insurance Code. Finally, Plaintiff's ninth cause of action is asserted against both T-Mobile and Asurion based on allegations that they violated an implied covenant of good faith and fair dealing in Plaintiff's enrollment agreement by modifying the original terms of the insurance program to terms that were unreasonable.

On January 7, 2010, Defendants filed this motion for summary judgment on Plaintiff's second, third, and ninth causes of action, which Defendants refer to as Plaintiff's "switching" claims, since they relate to the July 2005 change in the insurance program's underwriter and terms. Defendants suggest that Plaintiff's fifth cause of action for fraud and sixth cause of

---

[2] On March 31, 2009, the Court granted Defendants' motion for partial summary judgment on Plaintiff's eighth cause of action for breach of fiduciary duty. *See* Dkt. # 165.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JCx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation et al. | | |

action for negligent misrepresentation can also be read as depending, at least in part, on the allegations underlying Plaintiff's "switching" claims, and to that extent Defendants also seek summary judgment on Plaintiff's fifth and sixth causes of action. The Court takes up Defendants' motion at this time.

II.  Legal Standard

Summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, and "may not rest upon mere allegations or denials of his pleading." *See id.* at 248, 257 (citations omitted).

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson,* 477 U.S. at 248, 250-51.

III.  Discussion

   A.  Plaintiff's Claim for "Undisclosed Kickbacks"

Plaintiff's second cause of action alleges that T-Mobile violated Cal. Bus. & Prof. Code § 17200 by failing to disclose to consumers that it received financial inducements from Asurion to continue marketing Asurion's insurance program as underwritten by Liberty Mutual. Plaintiff characterizes these alleged inducements as "kickbacks." At this point in the case, Plaintiff has come to focus on two such alleged "kickbacks." First, Plaintiff maintains that under the insurance program as underwritten by Liberty Mutual, Asurion agreed to pay T-Mobile $65.00 for each warranty claim that T-Mobile processed internally, whereas T-Mobile had previously processed those warranty claims without any such payment. *See Opp.* 11:4-12:5. Second, Plaintiff points to a one-time payment of $1.5 million from Asurion to T-Mobile that appears to

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation et al. | | |

have occurred more or less contemporaneously with the change in the insurance program's underwriter and terms. *See Opp.* 12:4-7.

T-Mobile contends that Plaintiff's claim for "undisclosed kickbacks" fails, however, for lack of evidence that the foregoing "inducements" were in any way illegal or illicit. In fact, T-Mobile submits evidence that Asurion's $1.5 million payment to T-Mobile was a "catch-up" payment to reimburse T-Mobile for billing and collection fees that were incurred but not paid by Asurion during the period when the insurance program was underwritten by the Hartford. *See Lyon Decl.*, Ex. B at 167:24-168:2, 169:2-7, Ex. I at 278:2-13. Asurion's agreement to pay T-Mobile $65.00 for each warranty claim it processed internally was, according to T-Mobile, simply an arrangement to reimburse T-Mobile for providing a service to consumers that Asurion itself was obligated to cover under the program as underwritten by Liberty Mutual. *See Motion* 7:24-8:4. Thus, T-Mobile contends, Plaintiff has failed to provide any evidence that these "inducements" support its second cause of action. The Court agrees with T-Mobile.

Cal. Bus. & Prof. Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," as well as any act prohibited by California's false advertising statute.[3] *See Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.,* 421 F.3d 981, 985 (9th Cir. 2005) (quoting Cal. Bus. & Prof. Code § 17200). An "unlawful" business act under § 17200 is any business practice that is prohibited by law, whether "civil or criminal, statutory or judicially made . . . , federal, state or local." *See McKell v. Washington Mutual, Inc.,* 142 Cal. App. 4th 1457, 1474, 49 Cal. Rptr. 3d 227 (2006) (citations omitted). A business act is "unfair" under § 17200 "if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *See id.* at 1473. Finally, a "fraudulent" business practice under § 17200 is "one which is likely to deceive the public," and "may be based on representations to the public which are untrue, and also those which may be accurate on some level, but will nonetheless tend to mislead or deceive." *See id.* at 1471 ("A perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under the UCL.") (internal quotations omitted).

---

[3] California's false advertising statute makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *See Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.,* 421 F.3d 981, 985 (9th Cir. 2005) (quoting Cal. Bus. & Prof. Code § 17500).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation et al. | | |

  Here, the Court observes that while the parties focus most of their argument on whether the financial arrangements at issue were actionably "unlawful" under § 17200, the gravamen of Plaintiff's claim as pleaded is that it was T-Mobile's failure to *disclose* these arrangements that violated § 17200 because that failure was "misleading" or "fraudulent." *See TAC* ¶¶ 54-57, 60. Plaintiff, however, has not provided any evidence or authority to establish that T-Mobile had a duty to disclose the financial arrangements at issue to consumers or that T-Mobile's failure to disclose those arrangements was in any way "misleading," "deceptive," or "fraudulent." *See McKell,* 142 Cal. App. 4th at 1471 ("The determination as to whether a business practice is deceptive is based on the likely effect such practice would have on a reasonable consumer."). Thus, to the extent Plaintiff's second cause of action is based on the "fraud" prong of § 17200, T-Mobile is entitled to judgment as a matter of law on that claim.

  Moreover, while Plaintiff also contends that the financial arrangements at issue were in themselves actionably "unlawful" because they violated California's "Commercial Bribery" statute (Penal Code § 641.3) and the federal statute prohibiting "honest services" fraud (as defined in 18 U.S.C. § 1346), Plaintiff fails to provide any evidence to support such a contention.[4] With regard to the $1.5 million payment from Asurion to T-Mobile, Plaintiff merely points to some conflicting evidence regarding whether the payment was a "catch-up" payment on billing and collection fees incurred by Asurion under the program as underwritten by the Hartford, or an advance payment on such fees going forward under the program as underwritten by Liberty Mutual. *See Opp.* 12:4-17. None of that evidence, however, indicates that the $1.5 million payment was anything other than what T-Mobile claims it was—a legitimate payment for services rendered. The same is true with regard to Asurion's payment of $65.00 per warranty claim processed by T-Mobile. Plaintiff cites no evidence contradicting T-Mobile's contention that responsibility for warranty claims shifted to Asurion under the Liberty Mutual policy because T-Mobile believed the change would offer customers "unique benefits,"

---

  [4] California's "Commercial Bribery" statute provides, in relevant part, that "[a]ny employee who solicits, accepts, or agrees to accept money or any thing of value from a person other than his or her employer, other than in trust for the employer, corruptly and without the knowledge or consent of the employer, in return for using or agreeing to use his or her position for the benefit of that other person, and any person who offers or gives an employee money or any thing of value under those circumstances, is guilty of commercial bribery." *See* Cal. Penal Code § 641.3 (a).
  The federal statute prohibiting "honest services" fraud provides that, under the laws proscribing mail and wire fraud, "the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." *See* 18 U.S.C. § 1346.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation et al. | | |

including expedited shipping. *See Lyon Decl.,* Exh. J at § 4; Exh. I at 134:13-18, 136:16-137:24; Exh. H. at 405:22-406:5. Nor does Plaintiff present evidence to contradict T-Mobile's claim that Asurion's agreement to pay T-Mobile $65.00 for each warranty claim T-Mobile processed was simply an agreement to reimburse T-Mobile for assuming that responsibility. *See id.* Plaintiff fails to explain how any of these payments for services rendered violate the state and federal statutes Plaintiff cites.

Finally, Plaintiff offers no evidence, argument, or authority to support her conclusory claim that the financial arrangements at issue were "unfair" under § 17200. Plaintiff's argument that the arrangements were "unfair" because they violated "a firmly established public policy against the payment of kickbacks in commercial transactions" simply begs the question. *See Opp.* 17:9-17.

For these reasons, then, the Court finds that Plaintiff has failed to raise a genuine issue of material fact with respect to her claim for "undisclosed kickbacks" under Cal. Bus. & Prof. Code § 17200. Accordingly, Defendant T-Mobile is entitled to judgment as a matter of law on Plaintiff's second cause of action.

B. <u>Plaintiff's "Policy Switching" Claim</u>

Plaintiff's third cause of action alleges that both T-Mobile and Asurion are liable under Cal. Bus. & Prof. Code § 17200 because, in July 2005, they began to offer consumers an insurance program underwritten by Liberty Mutual, despite not being appointed as agents for Liberty Mutual as required by the California Insurance Code. Defendants, for their part, do not dispute that for purposes of the California Department of Insurance they were not yet appointed as Liberty Mutual's agents when they began to offer the new insurance program in July 2005. *See Motion* 8:6-10, 13:13-14:4.[5] Nor do they dispute that this constituted a violation of the applicable provisions of the California Insurance Code.[6] *See id.* Rather, Defendants argue that

---

[5] Defendants concede that Asurion was not appointed as Liberty Mutual's agent until November 22, 2005 and that T-Mobile was not appointed until August 2, 2006. *See Motion* 8:6-10.

[6] The parties appear to agree that the applicable provision is Cal. Ins. Code § 1758.62, which, in relevant part, provides that an applicant for a communications equipment insurance agent license shall submit to the commissioner, *inter alia*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation et al. | | |

there is no evidence Plaintiff "suffered injury in fact" as a result of this violation, and that Plaintiff therefore lacks standing to sue on the violation under § 17200. *See id.* at 14:2-3. The Court agrees.

Standing to sue under § 17200 is limited to certain specific public officials and "any person who has suffered injury in fact and has lost money or property as a result of . . . unfair competition." *See Peterson v. Cellco P'ship,* 164 Cal. App. 4th 1583, 1590, 80 Cal. Rptr. 3d 316 (2008) (internal quotations omitted). Thus, to have standing to sue under § 17200, "[a] private plaintiff must make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." *Id.* Courts have made clear that "this second prong imposes a causation requirement." *See Hall v. Time Inc.,* 158 Cal. App. 4th 847, 855, 70 Cal. Rptr. 3d 466 (2008) (stating that "[t]he phrase 'as a result of' in its plain and ordinary sense means 'caused by' and requires a showing of a causal connection or reliance on" the alleged act of unfair competition).

Here, Plaintiff maintains that she "suffered injury in fact" relating to the July 2005 change in the program's terms and underwriter since, for example, she was dissatisfied with the program's new terms. Plaintiff has presented no evidence or authority, however, indicating that any such injury was "caused by" Defendants' failure to have themselves properly appointed as Liberty Mutual's agents when they began to offer the new insurance program in July 2005. Put simply, Plaintiff has made no "showing of a causal connection" between her purported injuries and Defendants' failure to comply with the agent licensing requirements of the Insurance Code. *See Hall,* 158 Cal. App. 4th at 855. Because Plaintiff has failed to raise a genuine dispute of fact with respect to whether she has standing to bring her third cause of action for violation of Cal. Bus. & Prof. Code § 17200, the Court finds that Defendants are entitled to judgment as a matter of law on that claim.

---

> A certificate by the insurer that is to be named in the communications equipment insurance license, stating that the insurer has satisfied itself that the named applicant is trustworthy and competent to act as its insurance agent limited to this purpose and that the insurer will appoint the applicant to act as its agent to transact the kind or kinds of insurance that are permitted by this article, if the communications equipment insurance agent license applied for is issued by the commissioner.

*See* Cal. Ins. Code § 1758.62(a)(2).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation et al. | | |

    C.    <u>Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

    Plaintiff's ninth cause of action alleges that T-Mobile and Asurion breached an implied covenant of good faith and fair dealing by changing the insurance program's terms in a manner that was unreasonable. Defendants contend that this claim fails, first, because the terms of the insurance program, as described in the program's brochure, entitled Defendants to change the program's terms at any time, for any reason. Second, Defendants contend that even if Plaintiff's claim were viable in theory, Plaintiff has failed to present evidence sufficient to support a finding that Defendants breached an implied covenant of good faith and fair dealing. The Court agrees with this latter contention, and therefore need not address the former.

    "A typical formulation of the burden imposed by the implied covenant of good faith and fair dealing is that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Andrews v. Mobile Aire Estates,* 125 Cal. App. 4th 578, 589, 22 Cal. Rptr. 3d 832 (2005) (internal quotations omitted). Put differently, "the implied covenant imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purpose." *Id.* (internal quotations omitted). As a threshold matter, then, "[t]he prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties." *Smith v. City & County of San Francisco,* 225 Cal. App. 3d 38, 49, 275 Cal. Rptr. 17 (1990).

    Here, Plaintiff has not intelligibly identified the contract that allegedly supports her claim for breach of the implied covenant of good faith and fair dealing. As pleaded, Plaintiff's claim purports to be based on two contracts. The first of these is "the Hartford Insurance Policy." *See TAC* ¶ 109. Plaintiff includes a copy of this policy among her exhibits and refers to the language of the policy several times in her papers when discussing Defendants' purported discretionary power to alter the insurance program's terms. *See Segal Decl.*, Ex. 1; *Opp.* 3:25-4:2, 5:14-16, 7:20-28. But Plaintiff provides no evidence—or even an assertion—that the Hartford Insurance Policy constitutes or memorializes "a contractual relationship" between her and T-Mobile or between her and Asurion. Indeed, she does not even state whether that policy is the contract Defendants are alleged to have breached. In sum, Plaintiff offers no evidence, explanation, or authority to establish that the insurance policy issued by the Hartford to T-Mobile (with Asurion acting as broker or agent) will support her ninth cause of action.

    The second "contract" identified in the Complaint as the basis for Plaintiff's ninth cause of action is "the Service Agreement between T-Mobile and Plaintiff." *See TAC* ¶ 109. But

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JCx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation et al. | | |

Plaintiff does not once refer to this service agreement in her opposition papers. In fact, it is Defendants who present a copy of T-Mobile's service agreement as an exhibit in support of their reply papers, with the comment, "Plaintiff has never clearly stated, in her opposition to the instant motion or elsewhere, whether she contends that T-Mobile breached this Service Agreement." *See Stover Decl.* ¶ 3, Ex. B. Thus, as with the Hartford policy, Plaintiff has failed to offer any evidence or authority indicating that the service agreement between T-Mobile and Plaintiff will support her ninth cause of action.

In arguing the merits of Plaintiff's claim on the present motion, the parties also refer to copies of the insurance program "brochure" as it existed in March 2004 (when the program was underwritten by the Hartford) and July 2005 (when the program was underwritten by Liberty Mutual). *See Motion* 5:6-6:1, 10:13-25 (citing *Lyon Decl.*, Exs. E, F). Neither party explains, however, exactly how the brochures themselves constituted contracts, who the parties to such contracts might have been, or which "brochure-contract" supposedly governed the conduct in question. Nothing on the face of the brochures adequately answers these questions.

Presumably, of course, Plaintiff *did* enter into a contract, with someone, for insurance coverage. But Plaintiff has failed to identify that contract and, thus, failed to present evidence that it will support her claim against T-Mobile and Asurion. In sum, then, Plaintiff has not provided evidence of "the existence of a contractual relationship between the parties" regarding the insurance program. *See Smith,* 225 Cal. App. 3d at 49. *A fortiori*, she has failed to present evidence that, with regard to the insurance program, T-Mobile and Asurion "failed to do everything that [their contract with Plaintiff] presupposes they will do to accomplish its purpose." *See Andrews,* 125 Cal. App. 4th at 589. Plaintiff bears these burdens on the present motion. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 567, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ("[S]ummary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") (internal quotations omitted). The Court therefore determines that Defendants are entitled to summary judgment on Plaintiff's ninth cause of action.

      D.     <u>Plaintiff's Claims for Fraud and Negligent Misrepresentation</u>

Defendants contend that to the extent Plaintiff's fifth cause of action for fraud and sixth cause of action for negligent misrepresentation rely on the allegations underlying Plaintiff's "switching" claims, those causes of action fail for lack of evidence. *See Motion* 2:19-27. Plaintiff does not dispute this contention. Accordingly, the Court determines that to the extent

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JCx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation et al. | | |

Plaintiff's fifth and sixth causes of action rely on allegations relating to the July 2005 change in the insurance program's underwriter and terms, Defendants are entitled to judgment as a matter of law on those claims.

IV.     Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment on Plaintiff's second cause of action for violation of Cal. Bus. & Prof. Code § 17200 (undisclosed kickbacks), third cause of action for violation of § 17200 (policy switching), and ninth cause of action for breach of the implied covenant of good faith and fair dealing, as well as Plaintiff's fifth cause of action for fraud and sixth cause of action for negligent misrepresentation to the extent they rely on allegations relating to the July 2005 change in the insurance program's underwriter and terms.

**IT IS SO ORDERED.**

<u>IR</u> <u>for</u> <u>WH</u>