O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#416/440

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING in Part and DENYING in Part Plaintiff's Motion for Class Certification

Before the Court is Plaintiff Wineesa Cole's motion for class certification. The matter came on for hearing on April 15, 2010. Having considered the papers submitted in support of and in opposition to the motion, as well as oral argument, the Court GRANTS in part and DENIES in part Plaintiff's motion.

I. Background

In April 2004, Plaintiff Wineesa Cole ("Plaintiff") purchased a cell phone from Defendant T-Mobile USA, Inc. ("T-Mobile") at a store in Torrance, California.[1] When she did so, she enrolled in an insurance program that insured her phone against loss, theft, or damage. This insurance program was marketed by T-Mobile on behalf of Defendants Asurion Corporation and Asurion Insurance Services, Inc. (collectively, "Asurion"). Before Plaintiff enrolled in the program, a sales representative showed her a brochure about the program and informed her of the program's basic terms. These terms included a monthly premium of $3.99 and a deductible of $35.00.

At the time Plaintiff enrolled in the insurance program, it was underwritten by the

---

[1] The factual statements in this Background are taken from Plaintiff's Third Amended Complaint, along with the papers submitted in connection with the motion before the Court, and are not in dispute on this motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#416/440

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

Hartford. In July 2005, however, the program ceased to be underwritten by the Hartford and began to be underwritten by Liberty Mutual. The terms of the program also changed. In particular, the uniform monthly premium of $3.99 was replaced with a two-tier rate of $3.99 and $5.99, and the uniform $35.00 deductible was replaced with a three-tier deductible of $40.00, $70.00, and $110.00. The applicable premium rate and deductible were determined by the cost of the subscriber's phone.

In about August or September 2005, Plaintiff lost her cell phone and contacted Asurion to submit a claim through the insurance program. An Asurion representative informed her that to receive a replacement phone she would have to pay a deductible of $110.00. When Plaintiff protested that her deductible was only $35.00, the representative explained that Plaintiff should have received a letter informing her that the terms of the program had changed and that, as a result, Plaintiff's deductible had increased from $35.00 to $110.00. Rather than pay the deductible for a replacement phone, Plaintiff cancelled her enrollment in the insurance program.

On October 18, 2006, Plaintiff filed this class action against T-Mobile and Asurion (collectively, "Defendants"). Plaintiff's Third Amended Complaint ("Complaint") asserts claims for violations of 1) Cal. Bus. & Prof. Code § 17200 (misrepresentation of policy terms), 2) Cal. Bus. & Prof. Code § 17200 (undisclosed kickbacks), 3) Cal. Bus. & Prof. Code § 17200 (policy switching), and 4) Cal. Bus. & Prof. Code § 17500 (false advertising), as well as claims for 5) common law fraud, 6) negligent misrepresentation, 7) civil conspiracy, 8) breach of fiduciary duty, 9) breach of an express contract, and 10) unjust enrichment.[2] Several of these claims are based on allegations that, when Defendants marketed their insurance program to Plaintiff, Defendants misrepresented the program's terms. These claims include Plaintiff's first cause of action under Cal. Bus. & Prof. Code § 17200, fourth cause of action under Cal. Bus. & Prof.

---

[2] On March 31, 2009, the Court granted Defendants' motion for partial summary judgment on Plaintiff's eighth cause of action for breach of fiduciary duty. *See* Dkt. # 165. On April 6, 2010, the Court granted Defendants' motion for summary judgment on Plaintiff's second cause of action for violation of Cal. Bus. & Prof. Code § 17200 (undisclosed kickbacks), third cause of action for violation of Cal. Bus. & Prof. Code § 17200 (policy switching), and ninth cause of action for breach of contract, as well as Plaintiff's fifth cause of action for fraud and sixth cause of action for negligent misrepresentation to the extent they rely on allegations relating to the July 2005 change in the insurance program's underwriter and terms. *See* Dkt # 661.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#416/440

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

Code § 17500, fifth cause of action for fraud, and sixth cause of action for negligent misrepresentation. The Court will refer to these claims as Plaintiff's "misrepresentation" claims.

More specifically, Plaintiff's misrepresentation claims allege, *inter alia*, that while Defendants represent to consumers "that they will receive a replacement phone of 'like kind, quality, and value,'" Defendants fail to disclose adequately that most of the replacement phones are in fact "refurbished" phones, many of which were returned by previous customers as defective. *See Third Amended Complaint* (*"TAC"*) ¶ 21. These replacement phones, according to Plaintiff, are often of less value than the deductible amount. *See id.* at ¶ 29. Plaintiff alleges that she would not have enrolled in the insurance program if the true terms of the program had been disclosed to her. *See id.* at ¶ 21.

On December 29, 2009, Plaintiff filed this motion for class certification ("Motion"). Based on her misrepresentation claims, Plaintiff seeks to certify a "misrepresentation class" composed of

> [a]ll persons who while residing in the State of California purchased cellular telephone insurance from Asurion through T-Mobile USA from August 1, 2003 to April 2, 2008.³

*See Motion* 8:18-20.⁴

II.     Legal Standard

---

³ According to Plaintiff, the class period begins on the date when T-Mobile began selling Asurion's insurance program and ends on the date when the Maryland Attorney General required Asurion to make "significant disclosure improvements to its brochure, including the disclosure that consumers may receive refurbished telephones noticeable." *See Motion* 8:21-26.

⁴ Plaintiff's Motion also seeks certification of an additional, "policy-switching" class. *See Motion* 17:19-18:4. On April 6, 2010, however, the Court granted Defendants' motion for summary judgment on the claims underlying Plaintiff's "policy-switching" class. *See* Dkt # 661. Accordingly, the Court denies Plaintiff's motion to certify a "policy-switching" class.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#416/440**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

A court may certify a class only if a plaintiff meets all the prerequisites of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir. 1996). The burden lies with the plaintiff to establish that the Rule 23(a) and Rule 23(b) requirements have been met. *See Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001).

Under Rule 23(a), a plaintiff must demonstrate that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the class representatives are typical of the claims or defenses of the class, and (4) the class representatives will fairly and adequately protect the interests of all members of the class. *See* Fed. R. Civ. P. 23(a).

If all four prerequisites of Rule 23(a) are satisfied, a plaintiff must also establish that one or more of the grounds for maintaining the suit under Rule 23(b) are met. Those grounds are (1) that there is a risk of substantial prejudice from separate actions, (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate, or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. *See* Fed. R. Civ. P. 23(b).

III. Discussion

    A. Rule 23(a) Requirements

        1. Numerosity

The first requirement for maintaining a class action under Rule 23(a) is that the class is so numerous that joinder of all members would be "impracticable." *See* Fed. R. Civ. P. 23(a)(1). Here, Plaintiff points to evidence indicating that the proposed class has thousands of members. *See Motion* 7:8-16. Courts have regularly certified classes with less than one hundred members. *See Jordan v. County of Los Angeles,* 669 F.2d 1311, 1319 & n. 10 (9th Cir.1982), *vacated on other grounds,* 459 U.S. 810, 103 S. Ct. 35, 74 L. Ed. 2d 48 (1982). Therefore, and noting that Defendants are silent on the issue, the Court finds that the numerosity requirement is met here.

        2. Commonality

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#416/440**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

To fulfill the commonality prerequisite of Rule 23(a)(2), plaintiffs must establish that there are questions of law or fact common to the class as a whole. *See* Fed. R. Civ. P. 23(a)(2). The Ninth Circuit has construed Rule 23(a)(2) permissively. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998). In fact, the commonality requirement may be satisfied by either (1) the existence of a shared legal issue with divergent facts or (2) a common core of salient facts with disparate legal remedies. *See id.*

Here, Plaintiff contends that the questions of law or fact common to the class include the legal issue of whether Defendants' manner of selling their insurance program "had the capacity to deceive." *See Motion* 8:5-8. This issue relates to Plaintiff's claims under Cal. Bus. & Prof. Code § 17200 and § 17500. *See Leoni v. State Bar,* 39 Cal. 3d 609, 626, 217 Cal. Rptr. 423 (1985) (noting that Cal. Bus. & Prof. Code § 17200 and § 17500 "embrace not only advertising which is false, but also advertising which although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public"); *Daugherty v. American Honda Mort Co., Inc.,* 144 Cal. App. 4th 824, 838, 51 Cal. Rptr. 3d 118 (2006) ("Historically, the term 'fraudulent,' as used in [§ 17200], has required only a showing that members of the public are likely to be deceived."). Noting, again, that Defendants do not contend otherwise, the Court finds that Plaintiff has demonstrated the existence of a shared legal issue in satisfaction of the commonality requirement.

    3.    <u>Typicality</u>

A representative plaintiff must also establish that her claims are typical of those of the class. *See* Fed. R. Civ. P. 23(a)(3). The standard is permissive: "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *See Hanlon,* 150 F.3d at 1020. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) (internal quotations omitted).

Here, Plaintiff maintains that her claims are typical of the class because they are based on a course of conduct by Defendants to which all members of the proposed class were subjected. Plaintiff contends that this "common course of conduct" includes Defendants' use of a brochure that inadequately discloses material terms of the insurance program, including that participants

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#416/440**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

may receive "refurbished" replacement phones and phones worth less than the cost of a participant's deductible. Moreover, according to Plaintiff, every T-Mobile sales representative (including the one who sold Plaintiff her phone) participates in a standardized training program that trains the representatives to avoid mentioning these terms when offering Asurion's insurance program to customers. *See Motion* 14:9-16:28. In fact, Plaintiff contends that these representatives are trained to follow a sales script that actively and intentionally obscures the fact that participants may receive a "refurbished" phone by encouraging customers to focus on the cost of replacing a lost phone with a brand new phone, particularly one unsubsidized by T-Mobile. *See Motion* 16:3-17:5, n. 5.[5]

Defendants, however, contend that Plaintiff's misrepresentation claims are not typical of those of the class because Plaintiff's claims are subject to a unique factual defense, namely, the defense that Plaintiff did not read and therefore did not rely on the allegedly misleading brochure. *See Opp.* 9:12-11:12; *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) ("Several courts have held that class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation.") (internal quotations omitted). Defendants point to Plaintiff's deposition testimony that the sales representative who showed her the program brochure did not call her attention to language indicating that claims could be fulfilled with "refurbished" phones. Plaintiff stated: "If I would have read this right here, 'claims may be fulfilled with new or refurbished equipment. Refurbished equipment may have minor cosmetic flaws,' I would not have purchased this." *See Stover Decl.,* Ex. A at Transcript 89:5-8. She also stated that

> [the sales representative] had a brochure folded to me like this. It is long – kind of long, I guess, and he unfolded it, turned it towards me like this, went over this and then this and that sold me.
> You know, I didn't go through—I don't even remember all the little fine print here but, no, I didn't go through it at all.

---

[5] The sales script allegedly reads: "The phone you are buying today for $XX has been subsidized by T-Mobile. This phone has an actual value of $XXX. If you were to need to replace your phone for any reason (if it was lost, stolen, or damaged), you could expect to pay the higher price. . . . For only $3.99 per month, this program covers your phone in the case of loss, theft, or damage." *See Motion* 16:6-17.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#416/440**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

*See id.* at Transcript 89:21-90:2.

As the latter excerpt demonstrates, however, Defendants misstate the evidence when they contend that "Plaintiff never read the Brochure." *See Opp.* 9:14-18. In fact, Plaintiff also testified: "[The sales representative] pulled out the pamphlet. . . . He unfolded it and pointed out different bullet points, . . . and those stuck in my head because I actually looked at them and I was cool with that." *See Hess Supp. Decl.* ¶ 3, Ex. BB at Transcript 83:5-19. The evidence thus indicates that Plaintiff did view the brochure. And it is the brochure—as a whole, in conjunction with the sales representative's oral presentation—that Plaintiff claims is misleading. That she did not examine the "little fine print" concerning the program's use of "refurbished" phones does not undermine that claim. *See Broberg v. Guardian Life Ins. Co.,* 171 Cal. App. 4th 912, 921-22, 90 Cal. Rptr. 3d 225 (2009) (indicating that disclosures in written materials may be inadequate if insufficiently plain and conspicuous). Moreover, because Plaintiff viewed the brochure, Defendants' cases illustrating lack of typicality where a class action plaintiff asserting fraud-based claims "did not read any of the . . . documents at issue" are inapposite. *See, e.g., Quezada v. Loan Ctr. of Cal., Inc.,* 2009 WL 5113506 (E.D. Cal. Dec. 18, 2009). In sum, then, the Court does not anticipate that a defense based on Plaintiff's supposed non-reliance on the brochure will "threaten to become the focus of the litigation." *See Hanon,* 976 F.2d at 508. The Court therefore finds the typicality requirement is satisfied.

  4.  <u>Adequate Representation</u>

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). The Ninth Circuit has indicated that "the proper resolution of this issue requires that two questions be addressed: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.),* 213 F.3d 454, 462 (9th Cir. 2000).

Here, both Plaintiff and her counsel maintain that they have no conflicts of interest with members of the class. *See Motion* 21:15-20; *Hess Decl.* ¶ 31. Plaintiff also maintains that she will continue to prosecute this action vigorously on behalf of the class, as evidenced by the fact that she has prosecuted this action for more than two years, sat for a deposition, produced

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#416/440**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

documents, and turned down two offers from Defendants to settle this matter with her personally. *See Motion* 21:22-22:8; *Hess Decl.* ¶¶ 15, 16, Exs. N, O.

Plaintiff's original counsel in this case, the Kick Law Firm, APC, contends that it is willing and qualified to continue to prosecute this action, as evidenced by the fact that the firm specializes in consumer class actions and has been appointed class counsel in numerous cases. *See Hess Decl.* ¶¶ 28-30. No material information has been supplied to the Court regarding these previous class counsel appointments. The Court's concerns about the adequacy of class counsel here, however, are sufficiently addressed by the recent appearance of the law firm Girardi Keese on behalf of Plaintiff and the putative class. *See* Dkt # 515. The Court is familiar with Girardi Keese's experience with litigating class actions and satisfied that the firm is capable of prosecuting this action vigorously on behalf of the class. Noting the absence of any objection from Defendants, the Court therefore finds that Plaintiff and her counsel "will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4).

Having determined that Plaintiff has satisfied the requirements of Rule 23(a), the Court turns to the requirements of Rule 23(b).

B.  Rule 23(b) Requirements

Plaintiff seeks certification of the proposed class under Rule 23(b)(3), which requires that common questions of law or fact predominate over any questions affecting only individual class members and that a class action is superior to other available methods for adjudicating the controversy. *See* Fed. R. Civ. P. 23(b)(3). For support, Plaintiff cites *In re First Alliance Mortgage Co.,* 471 F.3d 977 (9th Cir. 2008). There, the Ninth Circuit reiterated that "this court has followed an approach that favors class treatment of fraud claims stemming from a 'common course of conduct.'" *See In re First Alliance,* 471 F.3d at 990-91 ("Class treatment has been permitted in fraud cases where, as in this case, a standardized sales pitch is employed."); *see also Blackie v. Barrack,* 524 F.2d 891, 902 (9th Cir. 1975) ("Confronted with a class of purchasers allegedly defrauded over a period of time by similar misrepresentations, courts have taken the common sense approach that the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable, which is not defeated by slight differences in class members' positions.").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#416/440**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

Nevertheless, Defendants contend that Rule 23(b)(3) is not satisfied here because common questions of law or fact do not predominate and because a class action is not the superior method for adjudicating the claims in this case.

        1.        <u>Whether Common Questions of Law or Fact Predominate</u>

Noting that *In re Alliance* recognizes that fraud-based cases may be unsuitable for class treatment where there is "material variation in the representations made or in the kinds or degrees of reliance" by putative class members, *see In re Alliance,* 471 F.3d at 990, Defendants make three arguments that individual questions of reliance render this case unsuitable for class treatment.

As an initial matter, however, the Court notes that individual questions of reliance are no barrier to class certification on Plaintiff's claims under Cal. Bus. & Prof. Code § 17200 and § 17500. To state a claim under those statutes "based on false advertising or promotional practices, it is necessary only to show that members of the public are likely to be deceived" by the advertising or promotion. *See In re Tobacco II Cases,* 46 Cal. 4th 298, 312, 93 Cal. Rptr. 3d 559 (2009). Class relief is available on such claims "without individualized proof of deception, reliance, and injury." *See id.* at 320 (rejecting the position that "absent class members on whose behalf a private UCL action is prosecuted must show on an individualized basis that they have lost money or property as a result of the unfair competition") (internal quotations omitted). The Court thus proceeds to consider Defendants' arguments regarding individual questions of reliance with respect to Plaintiff's fraud and negligent misrepresentation claims.[6]

        a.        <u>Misstatements vs. Omissions</u>

Defendants first argue that under principles articulated in *Poulos v. Caesars World, Inc.,* 379 F.3d 654 (9th Cir. 2004), Plaintiff is not entitled to any presumption of class-wide reliance

---

[6] The elements of a claim for fraud are 1) a misrepresentation, 2) knowledge of falsity, 3) intent to defraud, i.e., to induce reliance, 4) justifiable reliance, and 5) resulting damage. *Buckland v. Threshold Enterprises, Ltd.,* 155 Cal. App. 4th 798, 806-07, 66 Cal. Rptr. 3d 543 (2007). The requirements of a claim for negligent misrepresentation generally coincide with those for fraud, except that they do not include knowledge of falsity or intent to defraud. *See id.; Platt Electrical Supply, Inc. v. Eoff Electrical, Inc.,* 522 F.3d 1049, 1055 (9th Cir. 2008).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#416/440**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

that may be supported by *In re Alliance*. According to Defendants, *Poulos* stands for the proposition that class-wide reliance may be presumed only for fraud-based claims alleging fraudulent omissions, not for fraud-based claims alleging affirmative misrepresentations or a mixture of both affirmative misrepresentations and fraudulent omissions. *See Opp.* 15:3-6 (citing *Poulos,* 379 F.3d at 666). Defendants contend that Plaintiff's fraud-based claims rest, at least in part, on allegations of affirmative misrepresentations, in particular, allegations that the aforementioned "sales script" actively obscures the fact that program participants may receive a "refurbished" phone. *See Opp.* 15:16-20.

Defendants over-read *Poulos*. In fact, in *Poulos* the Ninth Circuit reiterated its position that a presumption of reliance on fraud-based claims "should not be applied to cases that allege both misstatements and omissions *unless the case can be characterized as one that primarily alleges omissions*." *See Poulos,* 379 F.3d at 666 (finding that plaintiffs' claims could not be characterized primarily as claims of omission because they were "based as much on what is *there* as what is purportedly missing," including allegations that the trade dress of defendants' electronic slot machines was misleading) (emphasis added).

Here, the Court determines that Plaintiff's case may fairly be characterized as one that primarily alleges omissions. Plaintiff's pleadings and papers have repeatedly and consistently claimed that she was misled by Defendants' failure to disclose, among other things, that program participants could receive "refurbished" phones and phones worth less than a participant's deductible. *See, e.g., Cmplt* ¶ 21. Moreover, to the extent Plaintiff alleges misleading affirmative statements by Defendants, those statements are alleged to have been misleading because they operated to obscure what Defendants failed to disclose, namely, that participants could receive "refurbished" phones. *See Motion* 17:1-5. The Court therefore rejects Defendants' first argument.

b.    <u>Variations in Defendants' Representations</u>

Defendants next contend that Plaintiff is not entitled to a class-wide presumption of reliance because the proposed class members were not exposed to identical representations.[7] *See*

---

[7] While Defendants characterize this second argument as relating to the issue of establishing class-wide "reliance," *see Opp.* 15:1-19:2, the Court notes that it may be more appropriately considered as relating to the other potential difficulty in class treatment of fraud

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#416/440**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

*Opp.* 16:12-17:3. None of the authorities cited by Defendants, however, contradict the court's observation in *In re Alliance* that it is "*material* variation" in the defendant's representations that may render fraud-based claims unsuitable for class treatment. *See In re Alliance,* 471 F.3d at 990, 992 ("The class action mechanism would be impotent if a defendant could escape much of his potential liability for fraud by simply altering the wording or format of his misrepresentation across the class of victims.") (emphasis added).

Here, Defendants refer vaguely to changes in the program brochure "that dealt with layout and graphics" and to "certain aspects of the training program [that] were modified over the years." *See Opp.* 16:13-18. Defendants do not, however, identify with any specificity the nature of these purported changes, nor do they offer any argument that the purported changes were material.

Defendants do assert that, according to Plaintiff's deposition testimony, the sales representative who showed the program brochure to Plaintiff did not recite the allegedly misleading sales script statements that Plaintiff claims were part of Defendants' fraudulent "common course of conduct." *See Opp.* 16:23-17:3. But Defendants misstate Plaintiff's testimony very nearly to the point of misrepresentation. The portion of the deposition transcript cited by Defendants reads:

> Q.      . . . It is correct that apart from just mentioning those three things, that $3.99 a month, $35 deductible, and it would cover a phone that was lost, stolen or damaged. Ricky said nothing else or the salesperson, whoever that was?
> A.      *He probably did* but those are the things that I bullet pointed in my head that mattered to me.

*Hess Decl.,* Ex. Q at Transcript 82:18-24 (emphasis added). In fact, there is no evidence indicating that "Ricky" was an exception to the "standardized training" all T-Mobile sales representatives received, which included training in the use of the sales script containing the allegedly misleading statements. *See Motion* 16:3-24. In any event, the Court notes that where, as here, there is evidence of a "centrally orchestrated strategy . . . the center of gravity of the

---

claims identified by the *In re Alliance* court, namely, "material variation in the representations made" to putative class members. *See In re Alliance,* 471 F.3d at 990. Nevertheless, the Court defers to Defendants' characterization of the argument here.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#416/440**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

fraud transcends the specific details of oral communications." *See In re Alliance,* 471 F.3d at 991 (internal quotations omitted). In such cases, "[t]he exact wording of the oral misrepresentations . . . is not the predominate issue. It is the underlying scheme which demands attention." *See id.* (internal quotations omitted). Plaintiff has sufficiently established that these principles apply to her case. For these reasons, the Court rejects Defendants' second argument.

    c.  <u>Materiality</u>

  Finally, Defendants argue that Plaintiff is not entitled to a presumption of class-wide reliance because "[t]he Court has no basis upon which it may conclude that the alleged omissions identified by Plaintiff were 'material' to every member of the class." *See Opp.* 18:3-4. As Defendants themselves note, however, "[a] misrepresentation of fact is material if it induced the plaintiff to alter his position to his detriment." *See id.* at 17:8-9 (quoting *Caro v. Proctor & Gamble Co.,* 18 Cal. App. 4th 644, 668, 22 Cal. Rptr. 2d 419 (1993)). In other words, a misrepresentation is "material" if it *induces reliance*. *See Caro,* 18 Cal. App. 4th at 668 ("Stated in terms of reliance, materiality means that without the misrepresentation, the plaintiff would not have acted as he did."). In effect, then, Defendants argue that Plaintiff is not entitled to a presumption of class-wide reliance because Plaintiff cannot *establish* class-wide reliance. But, of course, were a plaintiff required to prove that to which a presumption entitles her in order to qualify for the presumption, it would make little sense to speak of a "presumption" in the first place. For this reason, the Court finds Defendants' argument unpersuasive.

  Defendants purport to find support for their argument in *Caro v. Proctor & Gamble Co.* But as the California Court of Appeal made clear in *Massachusetts Mutual Life Ins. Co. v. Superior Court,* 97 Cal. App. 4th 1282, 119 Cal. Rptr. 2d 190 (2002):

> [N]othing we said in *Caro* undermines the general rule permitting common
> reliance where material misstatements have been made to a class of plaintiffs.
> Rather, our holding in *Caro* merely stands for the self-evident proposition that
> such an inference will not arise where the record will not permit it.

*Massachusetts Mutual Life,* 97 Cal. App. 4th at 1294. Among the reasons the record would not permit an inference of reliance in *Caro* was, as the *Massachusetts Mutual Life* court observed, evidence that the named plaintiff himself had not relied on one of the principal representations at issue, as well as evidence affirmatively suggesting that another alleged misrepresentation likely

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#416/440

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

was *not* material to all class members. *See id.* at 1294-95 (quoting *Caro,* 18 Cal. App. 4th at 668-69).

Here, by contrast, Plaintiff has testified that she would not have enrolled in the insurance program had she been made aware of the terms she claims were inadequately disclosed. *See Stover Decl.*, Ex. A at Transcript 88:8-89:8. Further, there is no evidence here affirmatively suggesting that the misrepresentations at issue were not material to some portion of the putative class. For these reasons, the Court rejects Defendants' final argument concerning whether common questions of law or fact predominate.

        2.        <u>Whether a Class Action Is the Superior Method</u>

Defendants contend that a class action is not superior to other methods of adjudicating Plaintiff's claims because "Plaintiff's misrepresentation theory is untethered to any cogent measure of damages." *See Opp* 19:11-12. Plaintiff, however, has indicated that on her misrepresentation claims she is seeking "the restitution of monthly premiums and deductibles paid by the class members," which she claims are readily determinable from Defendants' billing records. *See Reply* 11:11-13, 12:4-8; *Hess Supp. Decl.,* Ex. PP.

The relief Plaintiff seeks is available on § 17200 and § 17500 claims. *See Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1148, 131 Cal. Rptr. 2d 29 (2003) ("Under [17200], an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest."). With some allowance for the value of products and services received, this relief is also available on fraud and negligent misrepresentation claims. *See In re First Alliance,* 471 F.3d at 1001-02 (noting that the proper measure of damages in fraud actions is "out-of-pocket" damages, which "restores a plaintiff to the financial position he enjoyed prior to the fraudulent transaction, awarding the difference in actual value between what the plaintiff gave and what he received"). That these damages amounts may have to be calculated for class members on an individual basis is no bar to class certification. *See Yokoyama v. Midland Nat'l Life Ins. Co.,* 594 F.3d 1087, 1094 (9th Cir. 2010) ("In this circuit . . . damage calculations alone cannot defeat certification. We have said that '[t]he amount of damages is invariably an individual question and does not defeat class action treatment.'") (quoting *Blackie*, 524 F.2d at 905). Accordingly, the Court rejects Defendants' argument that Plaintiff's bid for class certification founders on the issue of damages.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#416/440**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

For these reasons, the Court finds that Plaintiff has met the requirements of Rule 23(b).

C.      The Breadth of the Proposed Class

Defendants maintain that the proposed class is overly broad in two respects.  First, Defendants contend that the claims of a number of putative class members are barred by the doctrine of res judicata because those individuals released their claims pursuant to the settlement agreement reached in a prior class action, *Carlos Perez et al. v. Asurion Corporation et al.,* Case No. 06-20734 (S.D. Fla.) (the "*Perez* action").

Res judicata applies to bar subsequent litigation "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *See Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001) (internal quotations omitted).  Under this doctrine, "a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *See Cooper v. Federal Reserve Bank,* 467 U.S. 867, 874, 104 S. Ct. 2794, 81 L. Ed. 2d 718 (1984); 18 *Moore's Federal Practice,* § 131.40[3][e][iii] (Matthew Bender 3d ed.) ("All class members will be bound, under both issue preclusion and claim preclusion, by a final judgment in a class action, including a judgment following settlement, assuming the action met the necessary procedural due process prerequisites.").

The *Perez* action included claims that Asurion and others failed to disclose adequately that participants in their equipment protection program could receive "refurbished" replacement phones and phones worth less than the value of a participant's deductible.  *See Defendants' RJN,* Ex. A at ¶ 2.  The *Perez* action eventually settled, and on July 26, 2007 the court granted final approval of the settlement agreement and closed the case.  *See id.*, Ex. A at p. 1.  Under the terms of the settlement agreement, the *Perez* class agreed to release Asurion and T-Mobile from "every cause of action of every nature and description whatsoever" relating in any way to allegations that Asurion or T-Mobile misrepresented or failed to disclose adequately the terms of their insurance programs.  *See id.*, Ex. B at ¶¶ 1.33, 5.1, 5.1(a).

The settlement class in the *Perez* action included "all former and/or current Asurion . . . subscribers who reside in the U.S. and who, during the Class Period: (a) made any monthly premium payments; (b) submitted a claim for loss under the Programs; and (c) received a replacement phone that was Refurbished."  *See id.,* Ex. B at ¶ 1.15.  The class period ran from

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#416/440**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

February 20, 2004 to January 23, 2007. *See id.,* Ex. B at ¶ 1.6, Ex A. at ¶¶ 26-27. Thus, according to Defendants, res judicata bars the claims of putative class members in this case who received a refurbished phone in fulfillment of a claim for loss under Defendants' insurance program from February 21, 2004 to January 23, 2007. *See Opp.* 20:24-27.

Plaintiff does not dispute that res judicata would operate to bar the claims of the aforementioned class members. Rather, Plaintiff notes that the Court previously indicated that Defendants waived the affirmative defense of res judicata by neglecting to plead it in their answer. *See December 1, 2009 Order Denying Defendants' Motion for Partial Summary Judgment* (Dkt # 395) at 6-8. Nevertheless, Defendants contend that they should still be permitted to raise the defense because doing so will not prejudice Plaintiff. This contention is before the Court for the first time, and the Court finds it persuasive.

The Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001). In fact, a defendant may raise the affirmative defense of res judicata despite neglecting to plead it in the answer so long as "the delay does not prejudice the plaintiff." *See id.* (internal quotations omitted).

Here, Plaintiff has been on notice of Defendants' position regarding the preclusive effect of the *Perez* settlement since at least January 31, 2007, when in their motion to dismiss Plaintiff's first amended complaint, Defendants argued, "Plaintiff is . . . precluded by the [*Perez*] Settlement from representing in this lawsuit any purported class members who received a refurbished phone." *See Motion to Dismiss Plaintiff's First Amended Complaint* 2:19-21, n. 1. Moreover, on October 28, 2008, Defendants filed a motion to dismiss Plaintiff's second amended complaint and argued there that Plaintiff's "nationwide and California subclasses improperly include putative class members who released their claims in the Perez settlement, i.e., all customers who received a refurbished replacement phone from Asurion during the Class Period." *See Motion to Dismiss Plaintiff's Second Amended Complaint* 29:19-23. There is thus no element of "unfair surprise" at work here. The Court, moreover, discerns no other form of prejudice to Plaintiff from the record, and Plaintiff argues none. Accordingly, the Court finds that the proposed class must exclude all individuals who released their claims against Defendants pursuant to the *Perez* settlement.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#416/440**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6649 PSG (JCx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Wineesa Cole v. Asurion Corporation *et al.* | | |

      Finally, Defendants contend that Plaintiff's class definition is also overbroad because it includes program participants who received "new phones of the same make and model of the phone claimed." *See Opp.* 21:6-9. These putative class members, according to Defendants, "suffered no damages and, consequently, have no viable claims." The Court notes, however, that the class members at issue would still be entitled under § 17200 and § 17500 to recover "profits unfairly obtained" by Defendants, regardless of the nature of the replacement phones those members received. *See Korea Supply,* 29 Cal. 4th at 1148. As noted above, recovery of "profits unfairly obtained" by Defendants is the relief Plaintiff seeks here. Any absence of fraud-based damages for the class members in question can be addressed on an individual basis. *See Blackie*, 524 F.2d at 905 ("The amount of damages is invariably an individual question and does not defeat class action treatment."). The Court therefore rejects Defendants' second argument regarding the breadth of the proposed class.

IV.    Conclusion

      For the foregoing reasons, the Court GRANTS Plaintiff's motion for class certification on her misrepresentation claims, but excludes from the proposed class all individuals who released their claims against Defendants' pursuant to the settlement agreement in *Carlos Perez et al. v. Asurion Corporation et al.,* Case No. 06-20734 (S.D. Fla.).

      The Court DENIES Plaintiff's motion for class certification on her "switching" claims.

      The Court orders counsel to appear for a status conference on **May 3, 2010** at 3:30 p.m. to schedule the final pretrial conference and trial.

      **IT IS SO ORDERED.**